# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

**BREANNA McCLEAN,**

    **Plaintiff**,

vs.

**OGEMAW COUNTY, BRIAN D. GILBERT, In his Individual and Official Capacity, and PAUL FRECHETTE, In his Individual and Official Capacity,**

    **Defendants.**

_____/

**GAFKAY LAW, PLC**
**JULIE A. GAFKAY (P53680)**
**Attorney for Plaintiff**      **"DEMAND FOR JURY TRIAL"**
**604-A S. Jefferson Ave.**
**Saginaw, MI  48607**
**(989) 652-9240**
**jgafkay@gafkaylaw.com**

_____

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this Complaint that is either pending or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a Judge in this Court.

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

**NOW COMES**, Plaintiff, Breanna McClean, by and through her attorney, GAFKAY LAW, PLC, and hereby files this action against Defendants, Ogemaw County, Brian D. Gilbert, and Paul Frechette, as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Breanna McClean (hereinafter "Plaintiff"), is a resident of the County of Arenac, State of Michigan.

2. Defendant, Ogemaw County (hereinafter "Defendant Ogemaw"), is a County located in the State of Michigan.

3. Defendant, Brian D. Gilbert (hereinafter "Defendant Gilbert"), is the Sheriff for Ogemaw County and a resident of the State of Michigan.

4. Defendant, Paul Frechette (hereinafter "Defendant Frechette"), is the Undersheriff for Ogemaw County and a resident of the State of Michigan.

5. Venue is proper in the Eastern District of Michigan pursuant to 28 USC § 1391(b).

6. This Court has jurisdiction over Plaintiff's federal claim under 42 USC § 1983 pursuant to 28 USC §1331 and jurisdiction over Plaintiff's state claims pursuant to 28 USC §1367.

## BACKGROUND FACTS

7. Plaintiff is a woman.

8. At all relevant times, the Sheriff of Defendant Ogemaw was Defendant Gilbert.

9. At all relevant times, the Undersheriff of Defendant Ogemaw was Defendant Frechette.

10. Plaintiff was hired as a Deputy Sheriff with Defendant Ogemaw to be a School Resource Officer on or about July 6, 2021.

11. Plaintiff was qualified for the position of Deputy Sheriff with Defendant Ogemaw County.

12. Plaintiff is a licensed police officer through the Michigan Commission on Law Enforcement Standards ("MCOLES").

13. Plaintiff successfully went through the police academy in 2019.

14. At the time of Plaintiff's hire, she was 5'1" tall and weighed 95 pounds.

15. When Defendant Gilbert hired Plaintiff, he told her he was going to hire her but was concerned about her size.

16. At the time of Plaintiff's hire, the secretary for the Sheriff's Office for Defendant Ogemaw, Carrie Gutierrez, was out on medical leave and the department was without a secretary.

17. When Plaintiff began her employment with Defendant Ogemaw, instead of training for the position she was hired for, she was directed by Defendant Gilbert to fill in and do secretarial duties such as answering the phones and making copies for the Sheriff's Office.

18. Plaintiff did secretarial duties and did not train or work as a Deputy Sheriff for approximately the first three weeks of her employment.

19. It was not until the end of July, that Plaintiff began training with Sgt. Justin Noffsinger, although he was not a training officer.

20. Even though Plaintiff is a licensed police officer through MCOLES, Sgt. Noffsinger would not allow Plaintiff to carry a gun while training in plain clothes.

21. On or about July 30, 2021, Plaintiff qualified with firearms on the firing range.

22. During Plaintiff's said gun qualification, Sgt. Noffsinger told her, "don't hold your gun like a bitch."

23. Despite qualifying with the firearms, Plaintiff was still told not to carry a gun until she had a uniform.

24. While training with Sgt. Noffsinger, the last week of July, Plaintiff made a traffic stop and the subject began making inappropriate comments to Plaintiff, like he was hitting on her, and Plaintiff voiced her displeasure to the subject.

25. After the above incident, Sgt. Noffsinger chastised Plaintiff for telling the subject he was being inappropriate and told Plaintiff, "you're a girl, what do you expect…you can't be doing that (advising subjects if acting inappropriate)."

26. During the first week of August in Sgt. Noffsinger's office, he stated, "see even the public doesn't take you seriously, a lady called and thought you were Jason's Girlfriend (Deputy Jason Wood)."

27. In early August of 2021, Sheriff Deputy Chris Vetter told Plaintiff, "women belong in kitchen."

28. In early August of 2021, Detective Lt. Stahl Jr. made comments about how the middle schoolers will be taller than Plaintiff.

29. Defendant Gilbert told Plaintiff during her training, "your job is to keep quiet, and observe."

30. During Plaintiff's first week on road patrol in plain clothes she did not have the proper equipment including not being provided with a bullet proof vest; she was eventually provided one, but only because she kept asking about getting one.

31. The locker room/bathroom for females is much smaller than the men's, and essentially only a toilet, sink, and two lockers; only one person at a time can fit in the room.

32. Plaintiff was discharged on or about September 7, 2021.

33. A motivating factor for Plaintiff's discharge was her weight.

34. A motivating factor for Plaintiff's discharge was her height.

35. A motivating factor for Plaintiff's discharge was her gender.

36. Plaintiff has suffered damages as a result of the above.

## **COUNT I-SEX DISCRIMINATION AGAINST ALL DEFENDANTS UNDER THE MICHIGAN ELLIOTT-LARSEN CIVIL RIGHT ACT**

37. Plaintiff hereby re-alleges and incorporates by reference the preceding paragraphs 1 through 36 as fully stated above.

38. At all material times, Plaintiff was an employee, and Defendants were her employer, covered by and within the meaning of the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101 et seq.

39. Plaintiff's gender was at least one factor that made a difference in Defendants' decision to treat her differently than similarly situated male employees.

40. Had Plaintiff been a male, she would not have been subjected to discrimination and harassment based on her gender.

41. Defendants, through its agents, representatives, and employees, was predisposed to discriminate on the basis of gender and acted in accordance with that predisposition.

42. Defendants, through its agents, representatives, and employees, treated Plaintiff differently from similarly situated male employees in the terms and conditions of employment, based on unlawful consideration of gender.

43. Defendants' actions were intentional in disregard for Plaintiff's rights and sensibilities.

44. As a direct and proximate result of Defendants' unlawful actions, Plaintiff has sustained injuries and damages including, but not limited to, loss of earnings and earning capacity; loss of career opportunities; humiliation and embarrassment; mental and emotional distress; and loss of the ordinary pleasures of everyday life, including the right to pursue gainful occupation of choice.

## COUNT II-HEIGHT DISCRIMINATION AGAINST ALL DEFENDANTS UNDER THE MICHIGAN ELLIOTT-LARSEN CIVIL RIGHT ACT

45. Plaintiff hereby re-alleges and incorporates by reference the preceding paragraphs 1 through 44 as fully stated above.

46. At all material times, Plaintiff was an employee, and Defendants were her employer, covered by and within the meaning of the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101 et seq.

47. Plaintiff's height was at least one factor that made a difference in Defendants' decision to treat her differently than other similarly situated taller employees.

48. Had Plaintiff been taller, she would not have been subjected to discrimination and harassment based on her height.

49. Defendants, through its agents, representatives, and employees, was predisposed to discriminate on the basis of height and acted in accordance with that predisposition.

50. Defendants, through its agents, representatives, and employees, treated Plaintiff differently from similarly situated taller employees in the terms and conditions of employment, based on unlawful consideration of height.

51. Defendants' actions were intentional in disregard for Plaintiff's rights and sensibilities.

52. As a direct and proximate result of Defendants' unlawful actions, Plaintiff has sustained injuries and damages including, but not limited to, loss of earnings and earning capacity; loss of career opportunities; humiliation and embarrassment; mental and emotional distress; and loss of the ordinary pleasures of everyday life, including the right to pursue gainful occupation of choice.

**COUNT III-WEIGHT DISCRIMINATION AGAINST ALL DEFENDANTS UNDER THE MICHIGAN ELLIOTT-LARSEN CIVIL RIGHT ACT**

53. Plaintiff hereby re-alleges and incorporates by reference the preceding paragraphs 1 through 52 as fully stated above.

54. At all material times, Plaintiff was an employee, and Defendants were her employer, covered by and within the meaning of the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101 et seq.

55. Plaintiff's weight was at least one factor that made a difference in Defendants' decision to treat her differently than similarly situated heavier employees.

56. Had Plaintiff been heavier, she would not have been subjected to discrimination and harassment based on her weight.

57. Defendants, through its agents, representatives, and employees, was predisposed to discriminate on the basis of weight and acted in accordance with that predisposition.

58. Defendants, through its agents, representatives, and employees, treated Plaintiff differently from similarly situated employees in the terms and conditions of employment, based on unlawful consideration of weight.

59. Defendants' actions were intentional in disregard for Plaintiff's rights and sensibilities.

60. As a direct and proximate result of Defendants' unlawful actions, Plaintiff has sustained injuries and damages including, but not limited to, loss of earnings and earning capacity; loss of career opportunities; humiliation and embarrassment; mental and emotional distress; and loss of the ordinary pleasures of everyday life, including the right to pursue gainful occupation of choice.

## COUNT IV – 42 USC 1983 - 14th AMENDMENT CLAIM FOR VIOLATION OF THE EQUAL PROTECTION CLAUSE AGAINST DEFENDANTS GILBERT AND FRECHETTE, in their individual capacity, BASED ON SEX DISCRIMINATION

61.  Plaintiff hereby re-alleges and incorporates by reference the preceding paragraphs 1 through 60 as stated fully above.

62.  Defendants Gilbert and Frechette discriminated against Plaintiff based on her gender.

63.  Plaintiff was treated differently than similarly situated male police officers during her employment based on her gender and discharged based on her gender.

64.  Defendants' sex discrimination was malicious and/or with reckless disregard for Plaintiff's constitutional rights under the 14th Amendment.

65. As a direct and proximate result of Defendants' actions, Plaintiff has suffered and will continue to suffer substantial damages.

WHEREFORE Plaintiff requests that this Honorable Court enter judgment against Defendants as follows:

## DAMAGES

1.  Compensatory damages in whatever amount she is found to be entitled;

2.  Exemplary damages in whatever amount she is found to be entitled;

3.  An award of lost wages and the value of fringe benefits, past and future;

4. An award of interest, costs, and reasonable attorney fees;

5. An order enjoining Defendant, its agents, representatives, and employees from further acts of discrimination;

6. An order of punitive damages against Defendants Gilbert and Frechette in their individual capacity for willful violation of Plaintiff's constitutional rights; and,

7. An order awarding whatever other equitable relief appears appropriate at the time of final judgment.

## JURY DEMAND

Plaintiff hereby demands a Jury Trial in the above cause.

Respectfully submitted;

Gafkay Law, PLC

Date: October 18, 2021

/s/ Julie A. Gafkay_____
Julie A. Gafkay (P53680)
Attorney for Plaintiff
604-A S. Jefferson Ave.
Saginaw, MI 48607
(989) 652-9240
jgafkay@gafkaylaw.com