UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BREANNA MCCLEAN,

          Plaintiff,                         Case No. 1:21-cv-12444

v.                                           Honorable Thomas L. Ludington
                                               United States District Judge
OGEMAW COUNTY, BRIAN D. GILBERT,
and PAUL FRECHETTE,                     Honorable Patricia T. Morris
                                                   United States Magistrate Judge

          Defendants.
_____/

**OPINION AND ORDER OVERRULING DEFENDANTS' OBJECTION TO MAGISTRATE JUDGE'S ORDER**

Defendants have objected to Magistrate Judge Patricia T. Morris's order granting and denying in part Plaintiff's motion to compel. Based on the record, a hearing is not necessary. E.D. Mich. LR 7.1(f)(2).

As explained below, Defendants' objection will be overruled because the Magistrate Judge's order directs them to provide evidence that is relevant to Plaintiff's equal-protection claim.

**I.**

Plaintiff Breanna McClean sues Defendants for terminating her employment with the Ogemaw County Sherriff's Office, alleging sex, weight, and height discrimination under Michigan's Elliot-Larsen Civil Rights Act (ELCRA), as well as sex discrimination under the Equal Protection Clause of the Fourteenth Amendment. ECF No. 1.

During discovery, Plaintiff filed a motion to compel documents and more specific responses to her first interrogatories and production requests. *See generally* ECF No. 13. Interrogatory 1 of the first discovery requests sought the "full name, address, gender, and dates of employment," plus the "assignment upon hire," change in assignment with effective date (if any),

and termination and resignation status (if any) of "every person who works or has worked for the Defendant at any time as a Sheriff or Deputy Sheriff (at any level) at any time as of July 2019 and the present." ECF No. 13-2 at PageID.86. Production Request 1 sought documents showing those employees' résumés, dates of hire, positions, wages, salaries, training, discipline, performance evaluations, promotions, demotions, investigated conduct, and termination. *Id.* at PageID.87.

With respect to those two discovery requests, Plaintiff's motion was partially granted after oral argument. ECF No. 23. Narrowing the scope of the requests, Judge Morris ordered Defendants to produce the requested documents for every Ogemaw County Sheriff's Deputy employed since January 1, 2021, plus Sheriff Brian D. Gilbert's résumé. *Id.* at PageID.269.

At issue here is Defendants' objection "to the Magistrate's order regarding Interrogatory 1 and Request to Produce 1 of the first set of discovery requests." ECF No. 24 at PageID.276.

## II.

"The Magistrate Judge's order resolved a nondispositive discovery dispute." *Cratty v. City of Allen Park*, No. 17-11724, 2018 WL 3983806, at *1 (E.D. Mich. June 14, 2018) (citing *Baker v. Peterson*, 67 F. App'x 308, 311 (6th Cir. 2003) (per curiam) (unpublished)).

Because the Magistrate Judge's order resolved a nondispositive matter, this Court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a); *accord* 28 U.S.C. § 636(b)(1)(A); *see also* 12 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3069 (3d ed. 2022) ("In sum, it is extremely difficult to justify alteration of the magistrate judge's nondispositive actions by the district judge.").

"A finding is 'clearly erroneous' [if] the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Mabry*, 518

F.3d 442, 449 (6th Cir. 2008) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 398 (1948)); *see also Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985) ("Where there are two permissible views of the evidence . . . [the] choice between them cannot be clearly erroneous.").

A legal conclusion is contrary to law if it "fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (quoting *United States v. Winsper*, No. 3:08-CV-631-H, 2013 WL 5673617, at *1 (W.D. Ky. Oct. 17, 2013)). Legal conclusions are reviewed *de novo*. *Id.*

### III.

Defendants advance three arguments about the scope of Judge Morris's order. ECF No. 24 at PageID.276–77. First is that other deputies' "'wages/salary, training, discipline, performance evaluations, promotions, demotions[,] and internal investigations' [are] not remotely relevant to . . . (gender, height[,] or weight discrimination) nor any conceivable defense to those clams." *Id.* at PageID.276. Second is that "the order's application to every Deputy Sheriff regardless of years of service, rank, and employment status, cannot possibly be relevant" *Id.* And third is that Gilbert "could not have made any relevant employment decisions for these deputies prior to January 1, 2021, because he was not in office." *Id.* at PageID.277.

Plaintiff contests Defendants' three narrowing theories. *See generally* ECF No. 28.

### A.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and *proportional to the needs of the case*." FED. R. CIV. P. 26(b)(1) (emphasis added). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.*; *see also* Zakary A. Drabczyk, Note, *Share with Caution: The Dangers Behind Sharing Orders*, 65 WAYNE L. REV. 401, 435 (2020) ("The costly and inefficient state of

discovery requires that courts and practitioners make reasonable efforts to streamline the exchange of information.").

Although the parties curiously confine their arguments to Plaintiff's ELCRA claims, Plaintiff has also brought a sex-discrimination claim against Defendants under the Equal Protection Clause of the Fourteenth Amendment. ECF No. 1 at PageID.10.

The Equal Protection Clause "requires that 'all persons similarly situated should be treated alike.'" *Cutshall v. Sundquist*, 193 F.3d 466, 482 (6th Cir. 1999) (quoting *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)). When determining whether people are similarly situated, "a court should 'not demand exact correlation.'" *Bench Billboard v. City of Cincinnati*, 675 F.3d 974, 987 (6th Cir. 2012) (quoting *Perry v. McGinnis*, 209 F.3d 597, 601 (6th Cir. 2000)); *accord Tree of Life Christian Schs. v. City of Upper Arlington*, 905 F.3d 357, 368 (6th Cir. 2018) ("A plaintiff bringing an equal protection claim must be 'similarly situated' to a comparator in 'all relevant respects.'" (quoting *Paterek v. Vill. of Armada*, 801 F.3d 630, 650 (6th Cir. 2015))).

"[D]etermining whether individuals are similarly situated is generally a factual issue for the jury." *Loesel v. City of Frankenmuth*, 692 F.3d 452, 463 (6th Cir. 2012) (citation omitted); *see also id.* ("Inevitably, the degree to which others are viewed as similarly situated depends substantially on the facts and context of the case." (citation omitted); Matthew N. Preston II, *The Tweet Test: Attributing Presidential Intent to Agency Action*, 10 BELMONT L. REV. 1, 14 (2022) (noting that courts resolving discovery disputes in constitutional challenges "engage in a fact-specific inquiry of the claims at issue and the requested discovery" (citation omitted)). Notably, the evidence at issue here is still subject to exclusion for nonadmissibility via motions in limine. *See, e.g.*, *Dorchy v. Fifth Third Bank*, 584 F. Supp. 3d 424, 430 (E.D. Mich. 2022) (granting motions in limine to exclude evidence in employment-discrimination- case).

**B.**

Defendants' point seems to be that they should only have to provide documents reflecting the employment decisions of the person who terminated Plaintiff's employment: Gilbert. *See* ECF No. 24 at PageID.277.

But Plaintiff is trying to prove that her employment was terminated because she is a woman. Thus, relevant information will include (1) all the deputies whom Gilbert supervised, (2) whether and why he chose to terminate their employment, (3) whether they were similarly situated to Plaintiff, and (4) whether Plaintiff's employment was terminated because of her sex and not some other reason.

The evidence that Judge Morris directed Defendants to provide to Plaintiff is relevant to her equal-protection claim.[1] To decide whether a male deputy was similarly situated to Plaintiff, the jury could find it relevant that they had different backgrounds, qualifications, wages, salaries, trainings, disciplinary actions, internal investigations, performance evaluations, promotions, demotions, employment statuses, ranks, or years of service. Any combination of this information could be relevant. The same evidence could also help the jury to decide whether Defendants terminated Plaintiff's employment in significant part because she is a woman. For example, perhaps Defendants terminated Plaintiff's employment because she was a corrupt deputy or reported another corrupt deputy. *See, e.g.*, ONE OF HER OWN (Brossbart Barnett Productions 1994) (terminating woman police trainee's employment after she reports a fellow police officer for sexual assault). Any number of other scenarios could also be true. The only remaining issue is Gilbert's

---

[1] Although the evidence might also be relevant to Plaintiff's ELCRA claims, this Court need not address that issue here because the evidence's relevance to the equal-protection claim is dispositive. That is, evidence sought in discovery need not be relevant to every claim at issue.

résumé, which might relevantly uncover, for example, that Gilbert held another position in which he discriminated against women.

The Sixth Circuit does not hesitate to affirm a grant of summary judgment when a plaintiff fails to identify other similarly situated individuals. *See, e.g.*, *Dixon v. Univ. of Toledo*, 702 F.3d 269, 279 (6th Cir. 2012); *EJS Props. v. City of Toledo*, 698 F.3d 845, 865–66 (6th Cir. 2012); *Bench Billboard Co. v. City of Cincinnati*, 675 F.3d 974, 987 (6th Cir. 2012).

Thus, Plaintiff will need the evidence not only to prove her case to the jury but also to survive the likely imminent summary-judgment stage. Assuming that Defendants are correct that Gilbert did not become the Sherriff until January 1, 2021, that is when he acquired the authority to terminate deputies' employment. And he did so to Plaintiff on September 7, 2021. ECF No. 1 at PageID.5. But why not fire all the other deputies too? That question has not been briefed. And how can Plaintiff know which deputies to present to the court or the jury without any of that information? She cannot. *See* FED. R. CIV. P. 26(a)(1)(A)(ii) ("[A] party must, without awaiting a discovery request, provide to the other parties a copy . . . of all [evidence] that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." (cleaned up)); *see also* FED. R. CIV. P. 34(a)(1).

In sum, there is no information in the record yet regarding whether some other sheriff's deputy in Ogemaw County shared "the same set of operative facts" as Plaintiff. *See Doe v. Miami Univ.*, 882 F.3d 579, 596 (6th Cir. 2018) (citations omitted); *see also Eichbauer v. Henry Ford Health Sys.*, No. 16-CV-11404, 2017 WL 2664467, at *3 (E.D. Mich. June 21, 2017) ("Given the facts of this case, the Court is not persuaded that the employees with whom Plaintiff was similarly situated must have dealt with the same supervisor."). There might be deputies who were supervised

by Gilbert and share Plaintiff's relevant characteristics but were not terminated. Such information is exactly what Magistrate Judge Morris directed Defendants to provide to Plaintiff.

Because all the evidence that Judge Morris directed Defendants to provide to Plaintiff is relevant to her equal-protection claim, Defendants' objection will be overruled.

**IV.**

Accordingly, it is **ORDERED** that Defendants' Objection, ECF No. 24, is **OVERRULED**. Defendants must comply with Judge Morris's Order, ECF No. 23, **on or before November 28, 2022**.

Dated: November 22, 2022            s/Thomas L. Ludington
                                    THOMAS L. LUDINGTON
                                    United States District Judge